## Case No. 11,170.

### In re PINTARD.

[N. Y. Times, Sept. 21, 1859.]

District Court, S. D. New York. Sept. 20, 1859.

BANKRUPTCY — PROCEEDINGS TO DISCOVER ASSETS —COMMENCED AFTER FIFTY YEARS.

[The lapse of fifty years after an assignment in bankruptcy should bar proceedings to discover assets not disposed of by the assignee.]

In the matter of the estate of John Pintard, a bankrupt.

On the 28th day of July, 1800, the commissioners of bankruptcy, under the bankrupt act of 1800 [2 Stat. 19], declared John Pintard a bankrupt, and took possession of his estate, and on May 29, 1807, assigned the same to James Farquhar and Benjamin I. Moore, who on May 30th sold all the lands and tenements of the bankrupt, situate in the counties of Ulster and Orange, in the state of New York, for $750. And now Louise Scroop and Thomas L. Scroop present a petition to the court setting up these facts, and also stating that they are not informed of any further or other action of the commissioners in the matter; that none of the commissioners or assignees are now living; that the bankrupt died June 21, 1844, and by his will devised all his estate to Andrew Warner, in trust for the petitioner Louise H. Scroop, who was a daughter of the bankrupt; and that the said trustee has since conveyed to her all said estate, and that they are informed that the sale of May 30, 1807, was not of all the lands, &c., of the estate of the bankrupt, but that the said trust still remains in part unexecuted. They therefore pray that the court will appoint some suitable persons, in place of said commissioners and assignees, so that any remaining interest and estate of the bankrupt may be disposed of, and the rights of the petitioners be ascertained and determined.

BETTS, District Judge. A cardinal defect in the application is that it avers no fact over which this court can exercise jurisdiction. It appears by an exemplification of conveyances accompanying the petition, that, more than fifty years since, all the estate, interests and equities subsisting in the bankrupt at the time his bankruptcy was declared were, under the most comprehensive and absolute terms of grant, formally conveyed by the commissioners of bankruptcy to regular assignees of the bankrupt, and that they also, at that distant period, divested themselves of specific portions of property by regular and solemn deed of grant. No action of the court, of its officers, of the creditors of the bankrupt, of himself or of his personal representatives, is averred to have been taken in relation to the premises in now a lapse of more than half a century. That long unmoved silence, unexplained, denotes that the interests once connected with the subject matter are now closed and barred forever. Courts of justice will never authorize their powers to be put in motion to resuscitate known rights, after having been allowed to sleep so long; much less can these powers be used in fishing for evidence of claims not shown to have had a legal value or even an existence. The petitioners furnish no semblance of evidence that the assignees took any estate not fully administered upon, or that the bankrupt, at his decease, left any interest by his will which did not belong to his creditors. His heirs or devisees have no right to claim the interposition of the court to enforce, at this time, a performance of the trust cast upon his assignees (supposing there was a dereliction of duty on their part), without first establishing that there is an inheritance yet outstanding, within the reach and control of the court, which the court may have wielded and applied to their benefit, by reviving the bankrupt proceedings, and having them duly carried forward to completion. The prayer of the petitioners is accordingly denied.